IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-208-D
No. 5:15-CV-268-D

| | |
|---|---|
| DAVID ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 19, 2015, Davis Ellis ("Ellis") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 235-month sentence [D.E. 95]. On July 1, 2015, Ellis filed a second section 2255 motion [D.E. 99]. On September 21, 2015, the government moved to dismiss Ellis's section 2255 motions [D.E. 101]. On September 22, 2015, the court notified Ellis of the motion to dismiss, the deadline for responding, and the consequences of failing to respond [D.E. 103]. On September 24, 2015, Ellis moved to expand the record [D.E. 104]. On December 11, 2015, Ellis moved to supplement his section 2255 motion [D.E. 107]. As explained below, the court grants Ellis's motion to expand the record, grants Ellis's motion to supplement, grants the government's motion to dismiss, and dismisses Ellis's section 2255 motion.

I.

On August 26, 2013, pursuant to a written plea agreement [D.E. 61], Ellis pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(j) (count two) and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (count three). [D.E. 60]; see Rule 11 Tr. [D.E. 89] 18. On February 24, 2014, at Ellis's sentencing hearing, the court

calculated Ellis's advisory guideline range as 235 to 240 months' imprisonment based on a total offense level of 35 and a criminal history category IV. See Sentencing Tr. [D.E. 90] 27–33. During the sentencing hearing, the court discussed Ellis's five objections to the Presentence Investigation Report ("PSR"). See id. 4–33; cf. PSR [D.E. 70] 16–18. The court overruled two objections that did not affect the advisory guideline range. See Sentencing Tr. 27–28. Ellis withdrew one objection concerning obstruction of justice. See id. 5, 32. After hearing testimony from three officers with the Harnett County Sheriff's Office, the court overruled Elis's objections to the cross-reference to kidnapping under U.S.S.G. § 2K2.1(c) and § 2X1.1 and his objection to the enhancement under U.S.S.G. § 2A4.1(b)(2)(B) for serious bodily injury. See id. 28–32.

After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Ellis's allocution, the court sentenced Ellis to 120 months' imprisonment on count two, and 115 months' imprisonment on count three, to be served consecutively. See id. 41–47. Ellis appealed. On October 23, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Ellis's appeal in part and affirmed the judgment in part. See United States v. Ellis, 585 F. App'x 58, 58–59 (4th Cir. 2014) (per curiam) (unpublished). On March 2, 2015, the Supreme Court of the United States denied certiorari. See Ellis v. United States, 135 S. Ct. 1510 (2015).

On June 19, 2015, Ellis filed his section 2255 motion. See [D.E. 95, 99]. Ellis makes four claims: (1) ineffective assistance of counsel for failing to interview the victim (and Ellis's former paramour), Tobanda McQueen [D.E. 95-1] 3–5; (2) ineffective assistance of counsel for incorrectly advising Ellis about his sentencing exposure [D.E. 95-1] 5–7; (3) ineffective assistance of counsel by failing to object to the testimony of law enforcement officers at sentencing and failing to object under Apprendi v. New Jersey, 530 U.S. 466 (2000), to the court's factfinding at sentencing [D.E. 95-1] 7–8; and (4) ineffective assistance of counsel by failing to challenge the government's use of

2

the same firearm to support Ellis's conviction on count two and count three. See [D.E. 99] 6.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In his plea agreement, Ellis agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [an] . . . appeal based upon grounds of ineffective assistance of counsel [or] prosecutorial misconduct not known to [Ellis] at the time of [his] guilty plea." Plea Agreement [D.E. 61] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, the appellate waiver

3

must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At his Rule 11 hearing, Ellis stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 4, 9, 11. Ellis also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for those charges. See id. 6–7, 12. Ellis also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 5–6, 11–13. Ellis also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Ellis and the government. See id. 9–10. The court then read Ellis's appellate waiver aloud to him, and Ellis swore that he understood the rights he was giving up in the waiver. See id. 10–11. Ellis also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of 120 months' imprisonment on each count. See id. 8–9, 12.

4

At the end of his Rule 11 hearing, Ellis pleaded guilty, and the government provided a factual basis for the guilty plea. See Rule 11 Tr. 14–17. The court then accepted Ellis's guilty plea. See id. 17–18.

In light of the Rule 11 colloquy, Ellis's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. Ellis agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [an] . . . appeal based upon grounds of ineffective assistance of counsel [or] prosecutorial misconduct not known to [Ellis] at the time of [his] guilty plea." Plea Agreement [D.E. 61] ¶ 2.c. Thus, to the extent any of Ellis's claims concern ineffective assistance of counsel allegedly known to him at his Rule 11 hearing, the plea agreement bars any such claim.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Ellis must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

5

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Ellis contends that defense counsel was ineffective because counsel failed to interview Tobanda McQueen, his former paramour and the victim of Ellis's kidnapping and domestic violence. Counsel, however, knew that Ellis had been communicating with McQueen and that Ellis had engaged in obstructive conduct towards McQueen before the sentencing hearing. See PSR [D.E. 70] 3–4, 17–18. Accordingly, at sentencing, Ellis received a two-level enhancement for obstruction of justice. See Sentencing Tr. 5–33; PSR ¶¶ 9, 52. In light of Ellis's obstructive conduct towards McQueen and the officer's testimony at sentencing about the events of February 11, 2012, defense counsel did not perform deficiently in failing to interview McQueen or to call McQueen to testify. See Sentencing Tr. 6–11; Premo v. Moore, 562 U.S. 115, 121–32 (2011); Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009); Strickland, 466 U.S. at 687, 691–96. Likewise, Ellis has failed to plausibly allege prejudice. See Premo, 562 U.S. at 123–32; Knowles, 556 U.S. at 127–28; Hill v. Lockhart, 474 U.S. 52, 57–59 (1985); Strickland, 466 U.S. at 691–96.

Second, Ellis contends that defense counsel failed to advise him about his sentencing exposure before he pleaded guilty. Even if true, however, during Ellis's Rule 11 hearing, Ellis swore under oath that he discussed his case with his lawyer and read and discussed his entire plea agreement with his lawyer, and that he understood each term in his plea agreement. See Rule 11 Tr.

6

2–13. Ellis's plea agreement expressly stated Ellis's sentencing exposure as to each offense. See Plea Ag. ¶ 3. Moreover, this court told Ellis and Ellis swore that he understood (1) the statutory maximum of each offense; (2) that the court could sentence him up to the sentencing maximum on each count; and (3) that counsel's sentencing estimate (if any) did not bind the court. See Rule 11 Tr. 4–13. Ellis's sworn statements at his Rule 11 hearing bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Ellis's counsel did not render ineffective assistance and his second claim fails.

Third, Ellis contends that counsel was ineffective by failing to object to the testimony of the law enforcement officers at sentencing concerning the events in and around February 11, 2012, and by failing to object under Apprendi to the court's factfinding at sentencing. The court, however, was permitted to consider the officers' testimony at sentencing, and the Sixth Amendment does not require counsel to make frivolous objections. See, e.g., Alleyne v. United States, 133 S. Ct. 2151, 2163–64 (2013); Knowles, 556 U.S. at 126–27; Strickland, 466 U.S. at 689. Similarly, any objection under Apprendi to the court's factfinding would have been frivolous. See, e.g., Alleyne, 133 S. Ct. 2163–64. Ellis's counsel did not render ineffective assistance of counsel and his third claim fails.

Finally, Ellis contends that counsel was ineffective by failing to object to the government's use of the same firearm to support Ellis's conviction in count two for possession of a stolen firearm and to support Ellis's conviction in count three for possession of an unregistered firearm. Such an objection, however, would have been frivolous. See, e.g., Blockburger v. United States, 284 U.S. 299, 303–04 (1932). The Sixth Amendment does not require counsel to make frivolous objections. See, e.g., Knowles, 556 U.S. at 126–27; Strickland, 466 U.S. at 689. Ellis's counsel did not render

7

ineffective assistance of counsel and his fourth claim fails.

After reviewing the claims presented in Ellis's motion, the court finds that reasonable jurists would not find the court's treatment of Ellis's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 101], DISMISSES Ellis's section 2255 motions [D.E. 95, 99], GRANTS Ellis's motion to expand the record [D.E. 104], GRANTS Ellis's motion to supplement [D.E. 107], and DENIES a certificate of appealability.

SO ORDERED. This 27 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

8

Case 5:12-cr-00208-D   Document 108   Filed 05/27/16   Page 8 of 8