IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-208-D

|                          |   |        |
|--------------------------|---|--------|
| UNITED STATES OF AMERICA | ) |        |
|                          | ) |        |
|                          | ) |        |
| v.                       | ) | **ORDER** |
|                          | ) |        |
| DAVID ELLIS,             | ) |        |
|                          | ) |        |
| Defendant.               | ) |        |

On June 25, 2020, David Ellis ("Ellis" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582), and for appointment of counsel [D.E. 138]. On June 14, 2021, Ellis moved again for compassionate release [D.E. 142]. On April 15, 2021, Ellis, through counsel, filed a memorandum and exhibits in support [D.E. 151, 152]. On April 27, 2021, the government responded in opposition and filed exhibits in support [D.E. 155]. As explained below, the court denies Ellis's motion.

I.

On August 26, 2013, pursuant to a written plea agreement, Ellis pleaded guilty to possession of a stolen firearm (count two) and possession of an unregistered firearm (count three). See [D.E. 60, 61, 89]. On February 24, 2014, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 77, 81, 82, 90]. After ruling on the objections, the court calculated Ellis's total offense level to be 35, his criminal history category to be IV, and his advisory guideline range to be 235 to 240 months' imprisonment. See [D.E. 82] 1; [D.E. 90] 4–33. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Ellis to 120 months' imprisonment on count two and 115 months' consecutive

imprisonment on count three, for a total sentence of 235 months' imprisonment. See [D.E. 81] 2; [D.E. 90] 41–47. Ellis appealed [D.E. 83]. On October 23, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Ellis's appeal in part and affirmed the judgment in part. See United States v. Ellis, 585 F. App'x 58, 58–59 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 92, 93].

On June 19, 2015, Ellis moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 95, 99, 107]. On May 27, 2016, the court dismissed the motion. See [D.E. 108]. Ellis appealed [D.E. 112]. On October 18, 2016, the Fourth Circuit dismissed the appeal. See Ellis v. United States, 669 F. App'x 655, 656 (4th Cir. 2016) (per curiam) (unpublished); [D.E. 117, 118].

On January 9, 2019, Ellis moved for sentence reduction under the First Step Act [D.E. 128, 129]. On April 21, 2020, Ellis moved for compassionate release [D.E. 136]. On June 1, 2020, the court denied Ellis's motions [D.E. 137].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence

2

under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not

---

> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On August 31, 2020, Ellis submitted a compassionate release request, which the warden denied on September 25, 2020. See [D.E. 142-1] 1–2; [D.E. 155-1]. On January 26, 2021, Ellis filed another request, but received no response. See [D.E. 151] 1, 6; [D.E. 151-2]; cf. [D.E. 142] 1, 10–11; [D.E. 155] 3. The government has not invoked section 3582's exhaustion requirement clearly. See [D.E. 155] 3; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2]

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

Accordingly, the court addresses Ellis's claim on the merits.

Ellis seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Ellis cites the COVID-19 pandemic, his age (60), his race, and his diabetes, hypertension, obesity, and high cholesterol. See [D.E. 142] 3, 12; [D.E. 142-1] 3–78; [D.E. 151] 1–4, 13–14, 17; [D.E. 152]. Ellis also cites the conditions at FCI Williamsburg, his rehabilitation efforts, and his release plan. See [D.E. 142] 2, 12–13; [D.E. 151] 3, 14, 16–17; [D.E. 151-3].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Ellis states that he suffers from diabetes, hypertension, obesity, and high cholesterol, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Ellis serves his sentence. Accordingly, reducing Ellis's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Ellis's medical conditions, Ellis's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Ellis's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Ellis is 60 years old and engaged in serious, violent criminal conduct in 2012. See PSR ¶¶

6

6–11. Ellis possessed a stolen, unregistered firearm while kidnapping and assaulting his girlfriend and her mother, resulting in serious bodily injury. See id. During a subsequent standoff with police, Ellis continued to assault his girlfriend and threatened police officers. See id.; [D.E. 90] 6–33. After being arrested and while in custody, Ellis attempted to obstructed justice by unlawfully attempting to influence the victims. See PSR ¶¶ 9–10. Moreover, Ellis is a violent recidivist with a history of horrific crimes against intimate partners. See id. ¶¶ 14–28. For example, Ellis held a box-cutter to his estranged wife's throat and threatened to kill her, stabbed the same wife in the back with a knife and led her to a wooded area, and killed his girlfriend's cat and assaulted her by repeatedly striking her in the head with a metal tire tool until she passed out. See id. Ellis has convictions for burning an uninhabited dwelling, assault with a deadly weapon inflicting serious injury, driving under the influence, larceny, escape, assault inflicting serious injury, fictitious information to an officer, assault on a female, reckless driving to endanger, possession of cocaine, driving while impaired, habitual misdemeanor assault (two counts), communicating threats, false imprisonment, assault with a deadly weapon inflicting serious injury, and habitual felon. See id. Ellis also has performed poorly on supervision and has virtually no work history. See id. ¶¶ 14–28, 43; [D.E. 155-2]. Furthermore, although Ellis has taken some positive steps while incarcerated, Ellis has been sanctioned for refusing a drug test (2021), disruptive conduct (2020), masturbating while staring at a female staff member (2019), and engaging in sexual acts (2016 and 2018). See [D.E. 151-3]; [D.E. 155-2].

The court has considered Ellis's exposure to COVID-19, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Ellis's arguments,

7

the government's persuasive response, Ellis's horrific criminal conduct and criminal history, Ellis's serious misconduct while incarcerated, and the need to punish Ellis for his serious criminal behavior, to incapacitate Ellis, to promote respect for the law, to deter others, and to protect society, the court declines to grant Ellis's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Ellis's request for home confinement, Ellis seeks relief under the CARES Act. See [D.E. 142, 151]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Ellis's request for home confinement.

II.

In sum, the court DENIES Ellis's motions for compassionate release [D.E. 138, 142], DENIES Ellis's motion for appointment of counsel as moot [D.E. 138], and DISMISSES Ellis's request for home confinement.

SO ORDERED. This 11 day of June 2021.

JAMES C. DEVER III
United States District Judge